IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON O. BROOKS,

       Plaintiff,

  v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

       Defendant.
_____/

No.  CIV.S-04-2093 DAD

ORDER

       This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is reversed and this matter is remanded with the direction to grant benefits.

**PROCEDURAL BACKGROUND**

       Plaintiff Vernon O. Brooks applied for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of

1

the Social Security Act (the "Act"), respectively. (Transcript ("Tr.") at 41-43, 215-17.) The Commissioner denied plaintiff's applications initially and on reconsideration. (Tr. at 218-21, 222-26.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on June 2, 2004, at which time plaintiff was represented by counsel. (Tr. at 235-58.) In a decision issued on June 25, 2004, the ALJ determined that plaintiff was not disabled. (Tr. at 10-21.) The ALJ entered the following findings in this regard:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(b) and 416.920(b).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of

2

      the claimant's impairments (20 CFR §§ 404.1527 and 416.927).

7. The claimant has the residual functional capacity for a light level of exertion. He can sit and stand/walk six hours during a workday. He can lift 10 pounds frequently and 20 pounds occasionally. Frequent bending and stooping are precluded. He is limited to unskilled work not involving exposure to the public.

8. The claimant's past relevant work running a lawn mowing service did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR §§ 404.1565 and 416.965).

9. The claimant's medically determinable recurrent major depressive disorder, cognitive disorder not otherwise specified, and musculoskeletal low back and left knee pain, do not prevent the claimant from performing his past relevant work.

10. The claimant is a person closely approaching advanced age with a high school education and past relevant work as noted above without skills transferable to light work.

11. In the alternative, and using Rules 202.13 and 202.14, Appendix 2, Subpart P, Regulations No. 4. as a framework for decisionmaking, in conjunction with Social Security Ruling 85-15, it is found that the claimant is not disabled because he can perform sedentary and light unskilled work which exists in significant numbers in the national economy. The claimant's nonexertional limitations to unskilled work not involving interactions with the public do not significantly compromise his ability to perform work at a light level of exertion. The undersigned concurs with the State Agency vocational evaluation which found that

3

>     the claimant could perform jobs which
>     exist in vocationally significant
>     numbers in the national economy such as
>     an addresser, press clippings cutter-
>     paster, photocopy machine operator, and
>     silver wrapper.
>
> 12. The claimant was not under a
>     "disability" as defined in the Social
>     Security Act, at any time through the
>     date of the decision (20 CFR §§ 404.
>     1520(e) and 416.920(e)).

(Tr. at 19-20.)  The ALJ's decision became the final decision of the Administration when the Appeals Council declined review on August 25, 2004.  (Tr. at 5-8.)  Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on September 29, 2004.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

/////

4

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.

/////

>       Step four: Is the claimant capable of performing
>       his or her past work?  If so, the claimant is not
>       disabled.  If not, proceed to step five.
>
>       Step five: Does the claimant have the residual
>       functional capacity to perform any other work?
>       If so, the claimant is not disabled.  If not, the
>       claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances two arguments in his motion for summary judgment.  First, plaintiff argues that the ALJ erred in rejecting the opinion of Rodney Collins, M.D., an examining psychiatrist.  Second, plaintiff asserts that the ALJ erred in his determination that plaintiff is capable of performing his past relevant work operating a lawn mowing service.  The court addresses plaintiff's arguments below.

As noted, plaintiff argues that the ALJ erred in his treatment of the opinion of the examining psychiatrist, Dr. Collins.  (Tr. at 167-70.)  Where the opinion of an examining physician is uncontradicted by the opinion of another doctor, the ALJ must provide "clear and convincing" reasons for rejecting it.  See Lester, 81 F.3d at 830.  Where an examining physician's opinion is contradicted by that of another doctor, it can be rejected upon a showing of

6

"specific and legitimate reasons that are supported by substantial evidence in the record." Id.  Where the Commissioner fails to provide adequate reasons for rejecting the opinion of an examining physician, that opinion is credited "as a matter of law." Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.) (quoting Lester, 81 F.3d at 834), cert. denied, 531 U.S. 1038 (2000).

Dr. Collins conducted a comprehensive psychiatric evaluation of plaintiff on August 24, 2003. (Tr. at 167-70.) Dr. Collins' diagnosis was major depressive disorder, recurrent, and cognitive disorder not otherwise specified. (Tr. at 169.) He set plaintiff's Global Assessment of Functioning ("GAF") at 50.[1] (Id.) Dr. Collins opined that plaintiff is "incapable of maintaining employment at this time." (Tr. at 170.) In this regard, Dr. Collins cited, among other things, plaintiff's "poor cognitive skills" and his "difficulty with abstracted abilities and limited insights and judgment." (Id.) He also explained that plaintiff "would have difficulty performing even simple or repetitive tasks in [the] workplace and could not perform more detailed or complex ones.... He would have diffculty completing a normal workday or workweek ...." (Id.)

/////

---

[1] According to the fourth edition of the DSM ("DSM-IV"), a GAF of 41-50 is indicative of the following: "Serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 1994).

7

In rejecting Dr. Collins' opinion, the ALJ explained that the doctor:

> appears to have unduly relied on the claimant's statements that he is limited in social function and is isolated. The claimant noted that he has no purposeful activity during the day. In fact, as indicated below, the claimant's wife testified that the claimant goes to the casino and plays bingo. He watches television and keeps an eye on his two year old and disabled mother-in-law.

(Tr. at 16.)

The record reflects, however, that the ALJ did not accurately characterize the testimony of plaintiff's wife in this regard. To be precise, plaintiff's wife testified with respect to bingo as follows:

> I like to go to bingo. Sometimes I can get him to go. Sometimes he -- most times, he won't stay the whole session. That's basically it. I mean, every now and again, I can get him to go to the casino with me or something, when I get extra money, but as far as things that we used to do, we don't really do anymore ....

(Tr. at 252.) With respect to caring for their toddler, plaintiff's wife actually testified that plaintiff and his disabled mother-in-law do the best they can to juggle child care duties while she goes to work as a cab driver, a position she chose because it allows her to drop in at home throughout the day and remain there if necessary. (Tr. at 255-57.) According to plaintiff's wife, plaintiff successfully handles child care duties, even with the assistance of his mother-in-law, only four or five days a month. (Tr. at 256-57.)

Moreover, in addition to making note of plaintiff's subjective complaints of sadness, decreased energy, intermittent

8

suicidal ideation and the like, Dr. Collins conducted a thorough evaluation of plaintiff.  In other words, this is not a situation where Dr. Collins simply rendered an opinion without citation to any supporting evidence.  Cf. Burkhart, 856 F.2d at 1339-40 (rejecting doctor's opinion in letter requested by counsel where opinion was unsupported by medical findings, personal observations, or test reports).  Accordingly, the explanation given by the ALJ in his decision does not amount to a clear and convincing reason for rejecting Dr. Collins' opinion.

        The ALJ also discounted Dr. Collins' opinion because "the objective medical findings of Dr. Collins show that the claimant's immediate recall was 3/3 and his calculations were intact to serial 7s and 3s."  (Tr. at 16.)  Again, this is a selective characterization by the ALJ of those objective findings, which also indicate that plaintiff had a short term memory that was "1/3 in five minutes;" a limited fund of knowledge and information; difficulty answering simple geography questions; decreased concentration; and trouble spelling the word "world" forward and backward, for example. (Tr. at 169.)

        Finally, the ALJ did not credit Dr. Collins' opinion because "the claimant has not been treated for depression or other emotional problems and there is no documentation in the record to substantiate the conclusion of Dr. Collins."  (Tr. at 16-17.)  Once again, the ALJ's characterization of the record is not completely accurate.  Indeed, later in his written decision the ALJ notes that plaintiff "takes Elavil for depression."  (Tr. at 17.)  Moreover, the

fact that plaintiff had not been afforded counseling or psychotherapy at any time prior to his meeting with Dr. Collins does not constitute a clear and convincing reason for discounting Dr. Collin's opinion. The Ninth Circuit has indicated that "'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996)(quoting Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989)).

Finally, Dr. Collins' opinion is not without support, as the ALJ suggests. Examining rheumatologist Douglas M. Haselwood, M.D., remarked that there is "credible historical precedence that Mr. Brooks is afflicted with chronic and severe depression and this may significantly limit his stamina for sustained work even under more sedentary and accommodation of circumstances." (Tr. at 214.) Even the nonexamining state agency physicians assessed numerous moderate limitations with respect to plaintiff's mental impairment. (Tr. at 171-74, 180-93.)

For all of these reasons, the court finds that the ALJ failed to articulate clear and convincing reasons based upon substantial evidence in the record for rejecting the uncontradicted opinion of Dr. Collins. See Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)("The administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, but he cannot reject them without presenting clear and convincing reasons for doing so."). Reversal is therefore required.

In light of this error, it is unnecessary to address plaintiff's other argument.  However, the appropriate remedy must be determined.  The decision whether to remand a case for additional evidence or to simply award benefits is within the discretion of the court.  Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990).  In this regard, the Ninth Circuit has stated: "[g]enerally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed."  Ghokassian, 41 F.3d at 1304 (quoting Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1399 (9th Cir. 1988)).  This rule recognizes the importance of expediting disability claims.  Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001); Ghokassian, 41 F.3d at 1304; Varney, 859 F.2d at 1401.  Where, as here, there were no legitimate reasons given by the ALJ for disregarding the treating physician's opinion, there is no need to remand the case for additional findings.  See Moore v. Commissioner, 278 F.3d 920, 925 (9th Cir. 2002) (remanding for payment of benefits where the ALJ "improperly rejected testimony [plaintiff's] three examining physicians"); Ghokassian, 41 F.3d at 1304 (awarding benefits where the ALJ "improperly discounted the opinion of the treating physician"); Pitzer, 908 F.2d at 506; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

If the opinion of Dr. Collins is properly credited, the evidence indicates that plaintiff is unemployable and disabled.  Any work he might be able to perform would not amount to substantial

gainful activity since it would be intermittent, irregular and subject to frequent interruptions. See Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980). Plaintiff filed his applications more than three years ago and no useful purpose would be served by delaying this matter further for additional administrative proceedings. Therefore, this matter will be remanded with the direction to grant benefits on plaintiff's applications.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment and/or remand is granted;

2. Defendant's cross-motion for summary judgment is denied; and

3. The decision of the Commissioner of Social Security is reversed and this case is remanded with the direction to grant benefits.

DATED: February 22, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.socsec\brooks2093.order